OPINION of the Court, by
Judge Logan.
This was a suit in chancery, brought by M’Ginnis, the ap-pellanf, in which lie charges that on the 11th of May 1811, being in want of money, he applied to Hart, the appellee, for the loan of ¾250 for one year, who lent him that sum upon his executing an instrument of wri ting purporting to be an absolute bill of sale for a negro boy aged 14, and delivering the said boy into the pos *328 session of the said Hart to work for the «se of the said sum of money ; which lie agreed to do, and at the same time obtained from the appellee a writing authorising the redemption of the said boy upon the repayment of the sum of 8250 within one year. That on the 18th of February 1812, finding that it would not be convenient to pay the borrowed money, the appellant proposed to the appellee to give another year for the payment thereof, which was acceded to, and another bill of sale then executed to him, and another defeasance again taken from him explanatory of the contract.
The appellee admits the loan, the delivery of the negro boy to him, and the execution of the second bill of sale with the defeasance. But contends that it was a conditional sale of the boy, and that the condition not having been complied with, the right of property became absolutely vested in him.
It is proved that the boy was worth 8400, and his hireage appears to have been worth much more than the interest on the sum borrowed.
From the whole case, there is not the smallest doubt that it was completely the case of a borrowing and lending, and that the boy was held in mortgage for the repayment of the money, and his hireage intended as a setoff for the use thereof. As such, the nature of the writing, drawn as an absolute bill of sale, could not be material. No shift of the kind can be made to evade the statute. It is evident from the appellee’s own showing, that it was a loan, which was intended to be refunded within one year with more than six per cent, on the amount. It was therefore usurious, and the appellant consequently entitled to relief. Had he commenced his suit within the year to be relieved from the contractas usurious and illegal, can it be doubted that he ought to have been relieved upon the usual terms of redemption ? And can a provision in the contract termed a conditional salé, though operating in the nature of a penalty, redeem the case,from its original character? The mischief complained of would thereby become merged, however usurious as interest, in the greater injury of 4nore than double the usury upon the principal.
This case is very similar to the case of Reed vs. Lansdale, (Hard. 7) and ought to be determined upon the saíne principles. .
*329 The decree of the circuit court, therefore, must be reversed, and the cause remanded that a decree may be rendered setting off what the reasonable hireage of the negro boy would have been during the time the appellee had him in possession against the ⅜250 and interest, and decreeing the injunction perpetual upon the appellant’s paying the balance which shall remain due to the appellee by a day to be given for that purpose; or upon his failure to do so, that the injunction shall be dissolved, and the appellee be permitted to have the benefit of his judgment at law for the recovery of said negro.
And it is further decreed and ordered that the appel-lee do pay t® the appellant his costs iii this court expended.