### JESSE ADAMS

*v.*

### JAMES FUNK.

53   219
129   364
30a   230
53   219
156   380
53   219
54a   345

1. REMEDY AT LAW—*as between partners.* Where there has been a settlement between partners, concerning their partnership affairs, a promise by one to pay the other partner a certain sum, is binding on the promisor, and he becomes liable therefor in an action at law.

2. So, where upon a settlement of partnership matters between two partners, there was a disputed item in the account, which one of the partners alleged was an amount he had paid to a third person for the other partner, and promised to pay it to him if such third person did not, and the settlement was made upon that basis, the disputed item being charged to the partner for whom it was claimed to have been paid: *Held,* that upon it being ascertained the money had not been paid to such third person, the partner to whom the amount had been charged in the settlement, could recover the same against the other partner, in an action of assumpsit.

3. PARTNERSHIP—*whether that relation exists.* By an arrangement between certain parties one was to furnish money and the other was to buy cattle with it for market. The party furnishing the money was to have his capital returned, with five per cent interest thereon, together with one-half the profits on the sale of the cattle: *Held,* the parties to this arrangement were not partners, as the one furnishing the money was exposed to no hazard of loss.

4. EVIDENCE—*proof of facts, not belief.* In an action by one partner against his co-partner, to recover a sum of money which was charged to the plaintiff on a settlement of their partnership matters, on the claim of the defendant that he had paid that amount to one Orendorff for the plaintiff, but which, as the plaintiff alleged, was not so paid, the court disallowed this question, put to the plaintiff, who was sworn as a witness: "Do you not believe, to-day, that Orendorff had the two thousand dollars?" *Held,* the question was properly disallowed, on the principle that the witness should have been required to state the facts, not his belief.

5. BOOK ACCOUNTS—*whether admissible.* In such action, a book of accounts of the partnership, kept by the defendant, in which the item in controversy was charged to the plaintiff, was not admissible as *prima facie* evidence that the plaintiff had received the money, it not appearing but it was the private book of the defendant, to which the plaintiff did not have access, and being unaccompanied by proof that it was fairly kept, and that others had settled by it.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. W. H. HANNA, for the appellant.

There is no rule of law better settled than that partners can not sue each other at law for any matter relating to the partnership concerns, unless there has been a final settlement between them, a balance ascertained, and an express promise to pay it. *Davenport* v. *Gear*, 2 Scam. 495; *Frink et al.* v. *Ryan*, 3 ib. 323; *Chadsey* v. *Harrison*, 11 Ill. 156.

In this case, the matters settled were the partnership matters of plaintiff and defendant and Cragin & Co. Cragin & Co. did not concur in the settlement, and it, therefore, could not be a final settlement. *Chadsey* v. *Harrison*, 11 Ill. 156. There can be no pretense that the settlement testified to between the parties was a final settlement, because, by the express terms of the settlement, the very item in dispute was left unsettled. There was not an express promise to pay that item, but a conditional promise.

There is, in fact, no real difference between this case and the case of a settlement between partners, in which they agree to rectify all errors; and I think the law in such a case is, that in order to rectify any error or fraud in the settlement, the only remedy is by bill in equity, and not by action at law. *Frink et al.* v. *Ryan*, 3 Scam. 323.

Messrs. TIPTON & BENJAMIN, also for the appellant.

Mr. JAMES S. EWING, Mr. HUDSON BURR, and Mr. L. WELDON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the McLean circuit court by James Funk against Jesse Adams, declaring on the common counts only.

The defendant pleaded the general issue, and gave notice of a set-off. There was a verdict and judgment for the plaintiff to reverse which the defendant appeals to this court.

The ground of objection to the recovery, most zealously pressed by appellant, is, that these parties were partners, and unless there has been a final settlement between them, and a balance ascertained, accompanied by an express promise to pay it, an action of assumpsit will not lie.

It appears, in 1864, an arrangement existed between Cragin & Co., of Chicago, and the parties to this suit, by which Cragin & Co. were to furnish money, and Funk and Adams were to buy cattle with it for the Chicago market. Cragin & Co. were to be returned their capital, with five per cent interest thereon, together with one-half the profits on the sale of the cattle. This arrangement existed up to September of that year, when Cragin & Co. were repaid their advances, their five per cent, and their share of the profits. Adams and Funk, for their labor and services in buying the cattle, taking them to market, and selling them, were to retain, as compensation therefor, the other half of the profits. The settlement was made by Adams with Cragin & Co., in the fall of 1864, and they do not appear to have any interest whatever in this matter of controversy.

So far as these parties to this record are concerned, they had no settlement of their matters involved in this arrangement, until about March, 1867, when Funk filed a bill in chancery in the McLean circuit court, against Adams, claiming from him some twelve hundred dollars or more, growing out of this transaction. An agreement was made at this March term to arbitrate the suit, but was not carried out, for the reason that the parties settled themselves.

In their efforts at settlement, Adams produced a book, in which he said he kept the accounts between himself, Funk and Cragin & Co., and in it was an item of two thousand dollars charged against Funk, under no date. An explanation being demanded of Adams, he said it was money he had paid for Funk to one Orendorff, and then promised Funk, if Orendorff did not pay the two thousand dollars to him, he, Adams, would.

This assurance satisfied Funk, and they made a final settlement, he, Funk, being charged with this two thousand dollars, and a balance being shown against him, which Adams agreed was five hundred dollars, Funk gave his note for that amount, which he subsequently paid. It was a part of this settlement that Funk should dismiss his bill in chancery, which he did.

We pause right here to remark, if a partnership existed between these parties, at this time there was a settlement and adjustment of it, on the basis that Adams had paid to Orendorff, for Funk, two thousand dollars, which made him the debtor of Adams in the sum of five hundred dollars, and which he has paid.

There is abundant proof in the record to establish the fact that Adams never paid to Orendorff, for Funk, this two thousand dollars, as claimed, and the question arises, and it is the only question, can it be recovered of Adams in this action? This was the foundation of the plaintiff's claim, the only ground of his action, and it seems strange any doubt should be created about his right to recover it back. The promise made by Adams to pay this money to Funk, in case Orendorff refused to pay it, was, under the circumstances, a valid promise in law, the parties being engaged in settling their accounts, and this a disputed item. On the allowance of it by Funk, moved thereto by the false pretense of Adams, it became money in Adams' hands for the use of Funk, and for which he could maintain an action for money had and received. It was money which Adams, *ex equo et*

*bono*, ought not to retain. On every principle of law, if there was a partnership between these parties and a settlement of it, a promise to pay one partner a certain sum, is binding on the promisor, and he becomes liable therefor in an action at law.

It is urged, as a further objection, that the proceedings should be in chancery, in which Cragin & Co. should be parties. It is a sufficient answer to say that, as among these parties no partnership existed, Cragin & Co. being exposed to no hazard of loss Not being sharers in the losses, they were not partners, and if they were, all the matters pertaining to that partnership had been settled up by Adams in the fall of 1864. Cragin & Co. had no earthly interest in these matters of difference between these parties.

Appellant makes an objection, that the court disallowed this question, put to the plaintiff, who was sworn as a witness: "Do you not believe, to-day, that Orendorff had the two thousand dollars?"

This question was properly disallowed, on the principle, that witnesses, except in certain well understood cases, of which this is not one, are required to speak to facts, and not to their belief.

Objections are also made to the instructions of the plaintiff. We see no objection to them. They all proceed on the theory on which the case was submitted to the jury.

The instructions asked by the defendant, for the most part, proceed on the theory that the remedy of the plaintiff was in chancery, and as it was not, they were correctly refused.

Appellant complains specially that his fifth instruction was not given. It was this:

"If the jury believe, from the evidence, that the plaintiff and defendant were in partnership, and that, during the progress of the business, the defendant kept a book of accounts of the partnership, and that said book is lost, and that in said book the plaintiff is charged with two thousand dollars

by cash, this is *prima facie* evidence that the plaintiff actually got the ·money; and if the jury believe, from the evidence, that he did get the money, then they will find for the defendant."

This instruction was properly refused, for the reason there was no evidence this was a partnership book, but the private book of Adams, alone, to which Funk had no right of access or of inspection, and on such a book, unaccompanied by proof that it was fairly kept, and other parties had settled by it, a charge for a large sum of money appears, the charge itself would not be *prima facie* evidence of its correctness, or that the person charged actually got the money. It would be a very dangerous rule to say that a charge appearing on one person's private account book against another, is *prima facie* evidence that the party charged received the money.

On a careful examination of this record, we see no error in it sufficient to reverse the judgment, and it must be affirmed.

*Judgment affirmed.*