# JOHN F. SMITH

*v.*

# CHARLES A. KNIGHT *et al.*

1. PARTNERSHIP—*what constitutes.* Where a firm entered into a written agreement with another to advance him a certain sum to enable him to carry on business, for which he was to pay interest on the average balance, and, after deducting office expenses, the profits were to be equally divided between such party and the firm making the advances, but the firm was not to be responsible for losses: *Held,* that such agreement did not constitute a partnership.

2. SAME—*party may become liable as partner to third person, if he holds himself out as such.* If a person holds himself out as a partner of another by his acts, and a third person deals with that other person on the faith of an existing partnership, the first may be held liable to the creditor, notwithstanding there was in fact no partnership.

3. BURDEN OF PROOF—*when partnership questioned.* Where a person is sued as a partner of another, and he puts the partnership in issue by a plea verified by affidavit, the burden of proof is on the plaintiff to establish the partnership by a preponderance of evidence.

4. WITNESS—*to disprove partnership.* If two are sued as partners, and the partnership is put in issue by one only, and the other defendant is defaulted, the latter is a competent witness for his co-defendant, to show no partnership existed. The admission by his default can not affect his co-defendant.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

This was an action of assumpsit, by John F. Smith against Charles A. Knight, William Baker, Walter F. Cobb, and James Hennersheets. The opinion of the court states the material facts and questions involved in the case.

Mr. GEO. C. FRY, for the appellant.

Mr. F. W. S. BRAWLEY, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit. brought to the Superior Court of Cook county, on the common counts, against appellees. as partners. There was a default regularly taken against Cobb and Hennersheets, and issues made up by the other defendants, Knight and Baker. which were tried by the court without a jury, resulting in a finding and judgment in favor of the defendants.

The plaintiff appeals, and makes the points that the court excluded proper evidence offered by him, admitting improper evidence on the part of the defendants, and overruling a motion for a new trial.

The issues were, *non assumpsit.* and a plea, accompanied by affidavit, denying the alleged partnership and joint liability.

The plaintiff, to prove the partnership, introduced in evidence a written agreement, showing the : terms on which appellees did business with Hennersheets, which we have examined, and are of opinion, with the court trying the cause, that it fails to establish a partnership relation between these parties. It recites that Hennersheets was doing, at the time the agreement was executed, a general commission business in Chicago, and to aid him in the prosecution of his business, Knight, Baker & Co. agreed to make certain advances to him. They agreed to advance, from time to time, such sums of money as they might deem proper, provided such advances should not exceed, in the aggregate, at any one time, seven thousand dollars. For these advances Hennersheets agreed to pay this firm of Knight, Baker & Co. interest, at the rate of ten per centum per annum, on the average balance advanced, and also, after deducting a certain amount for office expenses, to divide the balance of commissions equally between them, share and share alike—Hennersheets to have one-half and Knight, Baker & Co. the other half ; but the latter were not to be liable for any loss incurred in the business or other-

wise.   And, as further and additional security for these advances, Hennersheets assigned to this firm his books, accounts, notes, drafts or claims which he then had or might thereafter have against any person or persons, for advances, commissions or otherwise, and, upon request, to deliver them over to the firm of Knight, Baker & Co., giving them authority to collect, compromise or settle the same, as the firm might deem best, and out of the proceeds to pay all costs and expenses of collecting, and the amount due this firm for advances, interest, and their proportion of the commissions, to pay the overplus to Hennersheets, his heirs or assigns.   This agreement was entered into the first day of November, 1869, and to continue until the first day of January, 1871, if mutually satisfactory. There is no proof how long this agreement continued, but whilst it was in existence the plaintiff did business with Hennersheets, and now seeks to charge Knight, Baker & Co. on the ground of a partnership.

In determining this question, the intention of the parties must be considered.   Written articles of co-partnership may be so expressive as to leave no room for doubt.   So far as these articles of agreement are concerned, we discover nothing in them evidencing an intention to form a partnership.

A case similar to this in many respects came before this court at the January term, 1868.   Certain parties, partners, in Decatur, having an idea that money could be made in the manufacture of cultivators, but having no capital to engage in the business, induced a banker of that city to furnish the necessary funds.   An agreement was entered into, by which the manufacture should be carried on by the parties applying for pecuniary aid, who should sell the machines, collect the proceeds, and return to the banker his advances, and account to him for one-third of the profits.   The advances amounted to more than eight thousand dollars, exclusive of interest. The banker having received no return for these advances, brought an action against the other parties, which was sought to be defeated on the ground they were partners, and that

one partner could not sue his co-partners at law, unless there was a balance struck, and a promise to pay it. The court held there was no partnership shown—that the agreement entered into was but a mode of getting compensation for the hire of money. *Lintner* v. *Millikin,* 47 Ill. 178.

In another case, where the arrangement was that one party was to furnish money and the other was to purchase cattle with it, the party furnishing the money to have his capital returned, with five per cent interest thereon, together with one-half the profits on a sale of the cattle, it was held the parties were not partners, as the one furnishing the money was exposed to no hazard of loss. *Adams* v. *Funk,* 53 Ill. 219.

In the case before us, it is specially agreed Knight, Baker & Co. were not to be liable for any losses that might be incurred in the business in which Hennersheets was engaged. As in the case last cited, where the party advancing the money was to have his advances returned, with five per cent interest thereon, and an equal share of the profits on the sale of the cattle, no partnership was created, and, as in the case first cited, two of the alleged partners disclaimed any partnership. Knight, Baker and Hennersheets, in this case, testified there was no partnership, and none was designed.

Those cases were between the alleged partners. It remains to inquire, as this is a case between alleged partners and a third party, whether any act was done by Knight, Baker & Co., to make them partners as to third parties. Notwithstanding this agreement, did they hold themselves out to the public as partners with Hennersheets, and was it on the faith of an existing partnership that plaintiffs dealt with Hennersheets? There is some slight evidence tending to show this, but when taken in connection with all the facts before the court, it failed to satisfy the court such a state of things existed. The evidence on this point may be said to be conflicting. We are inclined to think, with the circuit judge, the claim was not sustained. The onus was on the plaintiff to

establish the partnership by a preponderance of evidence, as a plea, verified by affidavit, was pleaded by the defendants Knight and Baker. *Warren* v. *Chambers et al.* 12 Ill. 124.

A point is made, and is assigned as error, that the court permitted Hennersheets, who had been defaulted, to testify that the firm of Knight, Baker & Co., of which he was a member, were not partners with him, he and Knight and Baker testifying to that fact.

We think there was no error in this, for Hennersheets' default could amount to no more than an admission by him of the partnership, as alleged, and such admission could not bind Knight and Baker.

We have not considered it important to inquire how the account stands between appellant and Hennersheets, as, in our opinion, no partnership has been established by the testimony.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*