## Christian Lasman v. Daisy H. Harts, et al., Admrs.
### Gen. No. 11,144.

1.  SCIRE FACIAS—*procedure where defendant is sought to be added to a judgment by.*  Where a party to a cause is brought into court by means of a *scire facias* under Section 9 of the Practice Act, the trial as to him should be conducted as if no judgment had been rendered against his co-defendant, and such defendant has a right to make every defense which he might have made had he been served with summons and a hearing had as to him at the same time that the cause was heard as to his co-defendant.

2.  SCIRE FACIAS—*pleadings where defendant is sought to be added to a judgment by.*  The pleadings in such a case should be directed to the declaration and not to the writ.

3.  JOINT LIABILITY—*where burden of proof rests.*  The burden of proving joint liability rests upon the plaintiff, where the defendant has pleaded by verified plea non-joint liability.

Action of assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.  Heard in this court at the March term, 1903.  Reversed and remanded.  Opinion filed February 8, 1904.

HENRY S. SHEDD, for appellant; ADOLPH KRAUS, of counsel.

EDWIN B. HARTS, for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellees' intestate, Franklin S. Hanson, brought assumpsit against appellant and Christian Lasman, Jr., and recovered judgment by default against the latter, whereupon a *scire facias* was issued to make the appellant a party to the judgment.  The declaration was the common assumpsit counts, to which appellant,. after service of the *scire facias* upon him, pleaded the general issue and a plea of non-joint liability verified by his affidavit.  Hanson died pending the suit and the cause was ordered to proceed in the name of appellees as administrators of his estate.  When the cause was reached for trial, upon motion of the plaintiffs, the appellees, the court struck from the files, against the objection and exceptions of appellant, his plea of the

general issue, and the trial was had upon the remaining plea of non-joint liability, the court ruling that no other evidence was competent. The trial resulted in a verdict finding the issues for the appellees, and that the appellant " was and is jointly liable to the plaintiff with C. Lasman, Jr., upon the judgment in this case," upon which verdict the court entered a judgment that appellant " be and he is hereby made a party " to the said judgment, describing it, and awarding execution. By this appeal appellant seeks the reversal of the last named judgment.

By the statute under which the *scire facias* was issued herein (Hurd's Rev. Stat., ch. 110, sec. 9,) it seems clear that the *scire facias* only serves the purpose of a summons to bring the defendant before the court and contemplates a trial *de novo* as to him. The language of the statute in this regard is as follows: "Upon such defendant being duly served with process, the court shall hear and determine the matter in the same manner as if such defendant had been originally summoned or brought into court," etc. This means plainly, as we think, that the trial, as to appellant, should have been conducted in the same manner as if there had been no judgment against his co-defendant. Appellant had the right to make every defense which he might have made had he been originally served with summons and the hearing had, as to him, at the same time that the cause was heard as to his co-defendant. The Supreme Court in construing a similar statute to the one now in force, in the case of Tiffany v. Breese, 3 Scam. 499–502, in effect so held, and said that a defendant brought in by *scire facias* " can interpose any defense that he had at the time of the first judgment." In the later case of Ryder v. Glover, 3 Scam. 547, the court distinguishes a *scire facias* similar to the one here in question, from that of a *scire facias* on a bail bond or a recognizance, and says that the former is "merely a continuance of the action against the defendant," who was not served with the original process. To a like effect in principle are the following cases, which were decided since the present statute was enacted, viz: Coursen v. Hixon, 78 Ill. 339, and Sandusky v. Sidwell, 173 Ill. 493–6.

No case cited by the appellees, in our opinion, sustains their contention that the pleadings should have been directed to the writ and not to the original declaration. It seems clear from the part of the statute which we have quoted, that it contemplates pleadings directed to the original declaration. Moreover, the plea of non-joint liability being verified, the burden of proving a joint liability of the appellant with his co-defendant was placed upon the appellees, (Smith v. Knight, 71 Ill. 148) and we are unable to find any evidence in this record to show any such liability on the part of the appellant. The only evidence of any liability on his part to appellees is personal to appellant, and not joint with his co-defendant. To refer to the evidence in detail is unnecessary.

Both because of the error of the court in striking from the files appellant's plea of the general issue and confining his defense solely to the question of his joint liability, and because the evidence does not sustain the judgment against appellant, it is reversed and the cause remanded.

*Reversed and remanded.*