## Edwards, et al. v. Johnson.

(Decided March 22, 1927.)

### Appeal from McCracken Circuit Court.

1. Partnership.—Whether partnership was created by agreement whereby money was advanced for use in business depends on terms of agreement, and not on name given to transaction or to parties.

2. Partnership.—Ordinarily those persons are partners who contribute either property or money to carry on joint enterprise for common benefit and who own and share profits in certain proportions.

3. Partnership.—Receiving part of profits of commercial partnership in lieu of or in addition to interest by way of compensation for loan of money does not make lender a partner.

4. Usury.—One having no community of interest in assets of business as such and no voice in its management, who contracted to receive portion of profits as compensation for money advanced, which was to be repaid at all hazards, was not partner, but mere lender of money, and money received in excess of legal rate of interest was usury.

C. C. GRASSHAM and L. B. ALEXANDER for appellants.

W. A. BERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

On September 1, 1921, W. E. Johnson entered into the following contract with J. R. Swinney and Clyde Edwards:

"This contract entered into this day between J. R. Swinney and Clyde Edwards, parties of the first part, and W. E. Johnson, party of the second part, witnesseth:

"That the parties of the first part agree to open and operate a loan office in the city of Paducah, Kentucky, for a period of not less than three (3) years.

"That in consideration of the party of second part loaning the parties of the first part the sum of twenty-five hundred dollars ($2,500.00) to be used for working capital of the loan company, the said parties of the first part agree as follows: The principal sum of twenty-five hundred dollars ($2,500.00) is to be used for making loans in the ordinary course of business, and from the proceeds received therefrom (after paying ordinary business expenses, in-

cluding the salaries of the parties of the first part, not to exceed the sum of one hundred twenty-five dollars ($125.00) each), the working capital is to be increased to not exceeding thirty-five hundred dollars ($3,500.00).

"It is further agreed that when the working capital shall have been built up to not exceeding thirty-five hundred dollars ($3,500.00) then the parties of the first part shall pay to the party of the second part one-half (½) of the net profits of the business, monthly, for a period extending three (3) years from the date of this contract.

"It is further agreed that the principal sum of twenty-five hundred dollars ($2,500.00) loaned by the party of the second part is to become due and payable in not less than three (3) years, from the date of this contract. If not paid within three years then the principal of twenty-five hundred dollars ($2,-500.00) is to draw interest at the rate of ten per cent (10%) per annum, to be paid semi-annually.

"At the end of the three (3) years, the parties of the first part shall have the option either of paying the principal to the party of the second part, or of continuing the loan for another year at ten per cent (10%).

"At the end of the fourth (4th) year, the party of the second part shall have the option of demanding or by agreement with the parties of the first part of continuing the loan for another period of twelve (12) months at ten per cent (10%) interest.

"The party of the second part is to be and remain a silent partner and is not to be responsible for any partnership debts, or contracts made previous to or after the date of this contract. He is not to appear as a party to any suit or legal proceeding of any kind.

"The parties of the first part contract to keep complete and accurate books or accounts and to furnish the party of the second part semi-monthly statement of receipts and disbursements, and such additional information as the party of the second part may request."

Upon the execution of the contract Swinney and Edwards executed their promissory note agreeing to pay Johnson the sum of $2,500.00 three years from date.

Claiming that the $2,500.00 advanced to them by Johnson was a mere loan, and that they had paid him a large sum in excess of the principal and 6% interest thereon, Edwards and Swinney brought this action to recover such excess as usury. A demurrer was sustained to the petition and the petition was dismissed. Edwards and Swinney appeal.

The case turns on whether there was a partnership or a mere lending of money. The name given to the transaction or to the parties is not conclusive, but the character of the transaction, as well as the relationship of the parties, depends upon the terms of the agreement. Ordinarily, those persons are partners who contribute either property or money to carry on a joint business for their common benefit, and who own and share the profits in certain proportions, but the receiving of part of the profits of a commercial partnership in lieu of, or in addition to, interest by way of compensation for a loan of money does not make the lender a partner. Meehan v. Valentine, 145 U. S. 611, 12 S. Ct. 972, 36 U. S. (L. ed.) 835. In Richardson v. Hughitt, 76 N. Y. 55, it was held that a person who has no interest in the business of a firm or in the capital invested save that he is to receive a share of the profits as compensation for services or for money loaned is not a partner. This is not a case where the profits of the business were to be shared as profits, or the money advanced was risked in the business and was to be repaid out of the assets of the business. On the contrary, appellee was to receive a portion of the profits as compensation for the money advanced, and the money was to be repaid at all hazards by Swinney and Edwards alone. Moreover, he had no community of interest in the assets of the business as such, and had no voice whatever in the management or control of the business. In the case of Thillman v. Benton, 82 Md. 64, 33 A. 485, it was held that an agreement between one who lends money to a firm carrying on business, and the members thereof, that, in return for its use, he shall receive an amount equal to one-third of the net profits of the business, the lender having no part in the control or management and the borrower being bound in any event to repay the loan, does not create a partnership. In Adams v. Funk, 53 Ill. 219, an agreement by which one party supplied the other with money to buy cattle, to be returned with interest, together with half the profits realized on the sale of the stock, was held not to create a partnership. In Stevens v.

McKibbin, 15 C. C. A. 498, 30 U. S. App. 363, 68 Fed. 406, the court ruled that one who advances money to another with which to buy property, the advances to be repaid in any event when the property is sold, and a share of the profits to be paid for the use of the money, is not a partner. To the same effect is Smith v. Knight, 71 Ill. 148, 22 Am. Rep. 94; Eager v. Crawford, 76 N. Y. 97; Smith v. Garth, 32 Ala. 368. We are, therefore, constrained to hold that appellee was a mere lender of money and not a partner of appellants. Though the amount of the profits which appellee was to receive was attended by some risk, yet the money was advanced to appellants for the purpose of being loaned out at rates largely in excess of the legal rate. As appellee was not liable for any losses incident to the business, and it was clearly contemplated by the parties that he should receive, and he did receive, for the use of his money profits greater than the legal rate of interest, we are forced to conclude that the transaction was usurious as to the excess, and that the petition stated a good cause of action. McGinnis v. Hart, 4 Bibb 327.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the petition.