## CURNUTTE et al. v. HOUSTON et al.
### No. 11186.

Court of Civil Appeals of Texas. San Antonio, Texas.

June 17, 1942.

Rehearing Denied July 8, 1942.

Herbert Oliver, of San Antonio, and H. D. Barrow, of Jourdanton, for appellants.

A. N. Steinle, of Jourdanton, and Elmer Ware Stahl and A. R. Sohn, both of San Antonio, Texas, for appellees.

NORVELL, Justice.

This is a usury suit. Trial was to a jury, but at the conclusion of appellants' evidence the trial court peremptorily instructed the jury to find against appellants, J. V. Curnutte and Tom Howard, plaintiffs below, and in favor of V. H. Houston and Lillie H. Houston, the appellees here.

We sustain appellants' first point, wherein it is asserted that the evidence raised fact issues as to the existence of an usurious transaction, whereby appellees exacted and collected from appellants an illegal rate of interest for the use of Three Thousand Dollars.

The pertinent evidence consists of two written instruments and the testimony of one of the appellants, J. V. Curnutte.

Appellants introduced in evidence a promissory note for the sum of $3,000, executed by James V. Curnutte and Tom Howard, dated January 3, 1939, payable to the order of Mrs. S. V. (Lillie H.) Houston, due on December 31, 1939, and bearing interest at the rate of ten per cent per annum from maturity until paid.

There was also introduced in evidence a contract between appellants and V. H. Houston, which in part reads as follows:

"Agreement

"This Article of Agreement entered into by V. H. Houston and James V. Curnutte and Tom Howard, co-partners, with the following provisions:

"First—For the consideration of V. H. Houston furnishing working capital for the co-partnership in the amount of $3,-000.00, evidenced by one certain promissory note dated January 3rd, 1939, in the amount of $3,000.00 with interest at the rate of 10% per annum from maturity until paid, said note maturing on December 31st, 1939.

"Second—James V. Curnutte and Tom Howard operating as Atascosa Construction Company in the construction of earthen tanks under the Soil Conservation Program, agree to pay V. H. Houston for value received for services and financial aid rendered, a commission of two cents per cubic yard for all dirt moved under this program to December 31st, 1939. Where cash is received on contract work, the commission of two cents per yard is to be paid to V. H. Houston upon receipt of the cash by the co-partners and where the contracts are being taken subject to assignment, of Government checks, then the two cents per yard commission due V. H.

676

Houston will be paid upon receipt of final payment by the co-partnership. * * *"

Appellants pleaded that appellees were acting as co-partners in the transaction complained of, and Mrs. Lillie H. Houston admitted in her pleadings that V. H. Houston was acting as her agent throughout the negotiations which gave rise to the note and contract involved. The existence of the alleged partnership between V. H. Houston and Lillie H. Houston was not denied under oath. Rule No. 93, Subd. f, Texas Rules of Civil Procedure.

Curnutte testified that he and Howard, operating as the Atascosa Construction Company, had an arrangement or contract with the Federal Government, or some agency thereof, for moving dirt and building earthen water tanks, in connection with the "range conservation program." The construction company was indebted to the William K. Holt Machinery Company and was desirous of obtaining money to liquidate this indebtedness and finance their operations for the year 1939.

With this in mind, Curnutte and Howard approached V. H. Houston and discussed the amount of work they had done in 1938, and advised Mr. Houston that they would be able to equal or better the 1938 yardage (200,000 yards) in 1939.

According to Curnutte, a number of propositions were discussed and, finally, Houston agreed to advance $3,000, provided he be paid two cents per cubic yard for all dirt moved by the Construction Company under the conservation program.

Curnutte also testified that at the time the arrangements were made for the advance of the $3,000, nothing was said about any "personal services" to be rendered by Houston to the appellants.

The clear purport of Curnutte's testimony was that the agreement to pay two cents per yard for all earth moved was the quid pro quo for the advance or loan of the $3,000. The sum actually paid to Houston, under the agreement, amounted to $4,153, according to the witness.

In our opinion the evidence was sufficient to take the case to the jury. Shropshire v. Commerce Farm Credit Company, 120 Tex. 400, 30 S.W.2d 282, 39 S.W.2d 11, 84 A.L.R. 1269; Pansy Oil Co. v. Federal Oil Co., Tex.Civ.App., 91 S.W.2d 453; Campbell v. Oskey, Tex.Civ.App., 239 S.W. 332; 42 Tex.Jur. 900, § 20; Edwards v. Johnson, 219 Ky. 113, 292 S.W. 750;

Hartranft v. Uhlinger, 115 Pa. 270, 8 A. 244.

In view of another trial, we pretermit further discussion of the evidence.

The judgment appealed from is reversed and the cause remanded for new trial.