## WOODMAN v. BISHOP.
### No. 11741.

Court of Civil Appeals of Texas.
San Antonio.
June 18, 1947.

Rehearing Denied July 16, 1947.

John J. Pichinson and Lloyd L. Davis, of Corpus Christi, for appellant.

Birkhead, Beckmann, Stanard, Vance & Wood, of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal by L. L. Woodman from an order overruling his plea of privilege to be sued in Nueces County, the county of his residence.

The suit was instituted in the District Court of Bexar County by F. Z. Bishop for the purpose of collecting the penalty provided in art. 5073, Vernon's Ann.Civ. Stats., for the payment of usurious interest. Bishop relied upon the provisions of this article in connection with Subdivision 30 of art. 1995, Vernon's Ann.Civ.Stats., to maintain venue in Bexar County.

In order to maintain venue in Bexar County the burden was upon Bishop, first, to show that the contract between him and Woodman was a usurious interest contract and that usurious interest had been paid to Woodman under that contract, and, second, either that the contract was entered into in Bexar County or that he, Bishop, was residing in Bexar County at the time the usurious contract was entered into.

We have concluded that the evidence establishes all three and that the plea of privilege was properly overruled by the trial court.

Appellee, Bishop, had a contract for the purchase of 524 acres of land in Zavala County from Mrs. Fannie Pincham, for the purchase price of $21,140. Appellee had paid the sum of $1,000 "Earnest Money" on such purchase price and an additional $1,000 for an extension pending negotiations with appellant. Thus appellee had put up the sum of $2,000, which he would lose if he failed to raise the necessary sum of $20,000 to finish paying for the land. Appellee had contracted to sell 60 acres of the tract for the sum of $15,000 and had already received one-half of that amount.

While in this stress of financial circumstances, appellee contacted one Fred H. Morgan and through him appellant, L. L. Woodman. He proposed to them that they go into the adventure with him and split the profits 50-50, which appellee represented would be some $60,000. This proposition was not accepted. Appellee attempted to borrow the $20,000 from Woodman and Morgan, but they stated they were not interested in the proposition. Woodman and Morgan stated, however, that they would go into the deal and put up the much needed $20,000 provided Bishop would guarantee them a profit of 100%. This Bishop agreed to do. These negotiations were all had in Nueces County.

Pursuant to the understanding thus arrived at, Bishop and Woodman came to San Antonio in Bexar County and there executed the necessary papers to carry their understanding into effect. First there was a deed from Mrs. Pincham, conveying the 524 acres to Bishop, then there was a deed from Bishop to Woodman conveying the 524 acres, less the 60 acres he had already contracted to sell for $15,000, then there was the deed from Woodman reconveying the land to Bishop. This deed recited as a part of the consideration a vendor's lien note in the sum of $40,000, bearing interest at the rate of 10% per annum from maturity. There was also executed a deed of trust securing the payment of the $40,000 note. This deed of trust and the $40,000 vendor's lien note were both executed by Bishop in Bexar County, Texas. The note was payable $20,000 in six months and another $20,000 payable six months later.

The $40,000 note was to be paid in any and all events and it was in no way limited but was an absolute obligation on the part of Bishop for the full amount. In other words, Bishop had absolutely obligated himself to pay $20,000 for the use of $20,000 for a period of one year. Such an agreement can be nothing but a usurious agreement. Woodman agreed to do nothing but furnish the money for one year and for the use of his money he was to receive $20,000. Bishop defaulted on this note and a trustee's sale was had under the power of sale provided for in the deed of trust. The land was bid in for $25,000 and after deducting the trustee's fees Woodman received the sum of $24,947. This amount was credited on appellee's $40,000 note. Appellant received the sum of $4,947 for the use of his money for a period of time of less than one year. Thus it is plainly seen that appellant actually collected usurious interest upon his loan to appellee. Schmid v. City Nat. Bank of Wichita Falls, 132 Tex. 115, 114 S.W.2d 854; Burkitt v. McDonald, 26 Tex.Civ.App. 426, 64 S.W. 694; Edwards v. Johnson, 219 Ky. 113, 292 S.W. 750; Curnutte v. Houston, Tex.Civ. App., 163 S.W.2d 675.

The contract was entered into in Bexar County. There was no binding and enforcible obligation between these parties until the instruments were executed in Bexar County. The contract they were entering into was one contemplating the creation of a lien on land, and to be binding and enforcible had to be in writing. Nothing was put in writing until the instruments were executed in Bexar County. 20 Tex. Jur. § 79, p. 288; Kistler v. Latham, Tex. Com.App., 255 S.W. 983; McCain v. Giersch, 5 Cir., 112 F.2d 70; West v. First Baptist Church of Taft, 123 Tex. 388, 71 S.W.2d 1090; Priddy v. Green, Tex.Civ. App., 220 S.W. 243.

A contract is entered into at the place where the last act necessary to give it validity is done. Texas Employment Ins.

Association v. Moore, Tex.Civ.App., 56 S.W.2d 652; 17 Corpus Juris Secundum, Contracts, p. 813, § 356.

The evidence was also sufficient to show that appellee resided in Bexar County at the time the contract was entered into. He testified positively that he resided in Bexar County. The fact that he was described in the deed as residing in Cook County, Illinois does not completely contradict this testimony. For the purposes of venue a man may have two domiciles. Pearson v. West, 97 Tex. 238, 77 S.W. 944; Taylor v. Wilson, 99 Tex. 651, 93 S.W. 109.

Where a person has a residence within the state and another without the state, it is the residence within the state that controls questions of venue. 43 Tex. Jur., § 9, p. 718.

The judgment is affirmed.