**BEAUMONT BROADCASTING CORPORATION et al., Appellants,**

v.

**Willie O. HEUFELDER, Jr., et al., Appellees.**

No. 16075.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 16, 1959.

Orgain, Bell & Tucker, and John G. Tucker, Beaumont, for appellants.

Percy Foreman, Houston, Joe H. Tonahill, John H. Seale and Floyd W. Addington, Jasper, for appellees.

RENFRO, Justice.

Suit was brought in Orange County by Willie O. Heufelder, Jr., and others against Ralph Ramos and Beaumont Broadcasting Corporation. The suit grew out of an accident between a station wagon driven by the daughter of defendant Ramos and a passenger car driven by Mrs. Heufelder. One passenger in the Heufelder car was fatally injured and others suffered injuries as a result of the accident. The plaintiffs alleged that Ramos was an employee of the Broadcasting Corporation acting in the scope of his authority at the time of the accident. Both defendants filed pleas of privilege to be sued in Jefferson County. Plaintiffs' controverting affidavit relied upon exceptions 9 and 9a, Article 1995, Vernon's Ann.Civ.St., and Article 1996. The pleas of privilege were overruled. Defendant Beaumont Broadcasting Corporation appealed.

Ramos was employed by the Broadcasting Corporation as news director. His duties required him to do considerable travel by automobile and he was allowed wide discretion in the performance of his duties. He furnished his own vehicle and was given $100 per month car expense money. His salary was $430 per month. He suffered a heart attack on or about the 3rd day of June, 1958. He was first confined to the hospital and then to his home. On the morning of June 23, Ramos talked with the manager of the Broadcasting Corporation and told him he had an appointment with the doctor for the following Monday and would then let the manager know when he could return to work. During the month of June, Ramos was paid his salary but was not paid any car allowance. From the date of his illness to the time of the accident he had not performed any duties for the Broadcasting Corporation.

About 2:30 P.M., after the aforementioned telephone conversation, Ramos and his two daughters drove the station wagon to the bridge spanning the Neches River between Jefferson County and Orange County. It was the first time Ramos had been out since his confinement on June 3. When they reached the bridge Ramos got out with his camera to take a picture and

directed one of his daughters to drive on across the bridge, turn around and pick him up. She did as directed, but plaintiffs' car struck the Ramos car as it was slowing for Ramos to enter. The reason for taking a picture as given by Ramos was, "I'm commodore of the Beaumont Boat Club and the boat club was in the process of building a marina * * * and I was taking care of whatever publicity the boat club could get to help in the promotion of the marina construction, and on this particular day they were opening the first slip into the river, and I had gone to make a picture of that activity which I would have used in publicizing the marina's construction, this being a civic venture and I was doing all I could to encourage other people to help build it. The pictures would have been used in the boat club's activity." Ramos testified further that the pictures were being made in the interest of promotion of the marina for the boat club and were not being made in K.F.D.M.'s interest. If the pictures had turned out well he would have submitted them to newspapers and to the television station. It would have been within the discretion of "whoever was doing the news" whether or not they would have been used by the Broadcasting Corporation. The only evidence contradictory to the above was the testimony of Mr. Heufelder that several days after the accident Ramos told him that "he would have went back to work that day, that it would have been his first day back, * * * and that was to be used on his broadcast that night * * * but he didn't come on that night."

The testimony of Heufelder, viewed in the light most favorable to plaintiffs, does no more than show that, except for the accident, Ramos might have gone back to work that day. His testimony does not purport to show that Ramos had, up to the time of the accident, resumed his work for the Broadcasting Corporation.

■ In our opinion the evidence adduced failed to make a prima facie showing that Ramos was, on the occasion in question, acting within the scope of his employment for the defendant Beaumont Broadcasting Corporation, and thus the District Court of Orange County cannot retain venue under exceptions 9 and 9a.

Plaintiffs contend the trial court had venue by virtue of Art. 1996, which reads as follows:

"Where any part of a river, water course, highway, road or street is the boundary line between two counties, the several courts of each of said counties shall have concurrent jurisdiction in all cases over such parts of said river, water course, highway, road or street as shall be the boundary of such county in the same manner as if such parts of said river, water course, highway, road or street were within the body of such county."

■ The venue statutes are construed strictly and doubts resolved in favor of the defendant. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Williams v. Rearick, Tex.Civ.App., 218 S.W.2d 225; McDonald, Texas Civil Practice, Vol. 1, p. 321, par. 4.03.

Article 5073, concerning action on usurious interest, is somewhat analogous to Article 1996, in that a suit for usurious interest "shall" be brought in certain counties. It has been held, in effect, that to prevail over a plea of privilege the plaintiff, to sustain venue under Article 5073, must make out a prima facie case. Woodman v. Bishop, Tex.Civ.App., 203 S.W.2d 977.

■ The right to be sued in one's own county is a valuable right. The defendant should not be required to answer a suit in a county other than that of his residence unless plaintiff can introduce proof sufficient, prima facie, to show a right of recovery in the first instance. Taylor v. Whitehead, Tex.Civ.App., 88 S.W.2d 716.

■ In our opinion Article 1996 was not intended to give venue over a nonresident in the absence of a showing of a cause of

action. Since the plaintiffs failed to prove a prima facie cause of action against Beaumont Broadcasting Corporation, it follows that the trial court erred in overruling the Corporation's plea of privilege.

The order of the trial court overruling the plea of privilege of the defendant Beaumont Broadcasting Corporation is reversed and judgment here rendered directing that the case as to such defendant be transferred to a district court of Jefferson County.

Reversed and rendered.