## SUNSET GRAIN CO. v. SMITH BROS. GRAIN CO. (No. 6769.)

(Court of Civil Appeals of Texas. San Antonio. May 23, 1922. Rehearing Denied June 14, 1922.)

Venue ⬅➆7—Suit for price triable in county in which price was made payable by written contract.

The venue in seller's action for price was properly laid in the county in which the price was by written contract made payable though seller, on buyer's refusal to pay for goods on delivery thereof to buyer in other county, authorized buyer to sell the goods and remit proceeds to seller, and buyer, pursuant thereto, sold goods, but did not remit proceeds to seller.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Suit by the Smith Bros. Grain Company against the Sunset Grain Company. From judgment overruling plea of privilege, defendant appeals. Affirmed.

L. Old, of Uvalde, for appellant.
Smith & Smith, of Fort Worth, for appellee.

FLY, C. J. This is a suit by appellee against the Sunset Grain Company for the value of 100 sacks of kaffir corn at $3.25 a sack, which appellee sold to appellant doing

business in Uvalde county, Tex., for which appellant had failed and refused to pay. It was alleged that the sale was made through a written contract executed by the parties, and the suit was answered by a plea of privilege to be sued in Uvalde county. In the second amended petition, it was alleged that the Smith Bros. Grain Company was composed of Bert K. Smith and J. A. Simons, doing a grain business in Fort Worth, Tarrant county, Tex.; that the appellant company was composed of H. J. Dean and J. A. Dean, and doing business in Uvalde county; that since the institution of the suit J. A. Dean had died, and his widow, Octavia Dean was the independent executrix of his estate, and it was asked that she be made a party to the suit. The court overruled the plea of privilege, and this appeal was taken. The order for the grain was in writing, and made the price payable in Fort Worth, Tex. When the kaffir corn seed with other grain reached appellant, it refused to pay for the same. and was authorized by appellee to sell it and forward the money to appellees. Appellant sold the kaffir corn which it had ordered, and refused to remit the proceeds to appellee, and now claims that, as the seed were not the kind ordered and appellee permitted appellant to sell the seed to some one else, the money was not payable in Fort Worth. We think it was, and think the court was correct in overruling the plea of privilege. The promise had been to pay for that kaffir corn in Fort Worth, and appellant was not relieved from that promise by selling it to some one else under agreement with appellees. It savors too much of an attempt to appropriate the property of another and then to defeat the claim for it.

The judgment is affirmed.

SMITH, J., disqualified.