**A. HARRIS & CO. v. COOK et ux.**

No. 2846.

Court of Civil Appeals of Texas. El Paso.
June 15, 1933.

Rehearing Denied July 13, 1933.

Lee Richardson, of Dallas, for appellant.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellees.

HIGGINS, Justice.

Appellant brought this suit against Mr. and Mrs. Charles C. Cook upon a verified open account for goods, wares, and merchandise alleged to have been sold and delivered to defendants in August and September, 1931..

Defendants filed plea of privilege to be sued in Gray county where they reside.

Appellant filed controverting affidavit as follows:

"I. That on to-wit: May 18, 1932, plaintiff, A. Harris & Company filed herein a state-ment of its cause of action against the said defendants and each of them in the above styled and numbered cause, which statement of cause of action consists of a sworn ac-count for goods, wares, and merchandise pur-chased by the said defendants from the plain-tiff herein.

"II. That on to-wit: the 3rd day of Sep-tember, 1928, the said defendant Mrs. Charles C. Cook, contracted in writing to pay said sum of money to the plaintiff in the City of Dallas, Dallas County, Texas, and that this suit is predicated upon the said sworn ac-count and the written promise of the said de-fendant to pay said account in the City and County of Dallas, State of Texas, as there-in provided.

"III. That plaintiff is a corporation duly incorporated under and by virtue of the laws of the State of Texas, and having its domi-cile, place of business, and principal office in the City of Dallas, Dallas County, Texas.

"IV. That the venue of this suit filed in the County Court of Dallas County at Law No. 1, Dallas County, Texas, is properly laid in said Court by reason of the said written promise and agreement of the defendant as hereinbefore set out."

In support of its allegation that Mrs. Cook had contracted in writing to pay the sum sued for in Dallas county, appellant of-fered in evidence an application for credit dated September 3, 1928, by Mrs. Chas. C. Cook, and signed by her, in which it was stated, "In consideration of the extension of credit, all purchases from A. Harris & Com-pany shall be payable at Dallas, Texas." The execution of this application by Mrs. Cook was proven. The verified account was also offered in evidence.

The application signed by Mrs. Cook was a contract in writing by which the account was made payable in Dallas, Tex., and as to her was sufficient to maintain the venue in Dal-las county under subdivision 5 of the venue statute (article 1995, R. S.). Borschow v. Wa-ples-Platter Grocer Co. (Tex. Civ. App.) 223 S. W. 872; Lang v. Jones (Tex. Civ. App.) 261 S. W. 378.

To fix the venue as against her in Dallas county it was sufficient if the controverting affidavit and proof showed that she had con-tracted in writing to pay the account in that county.

Her coverture, if she is a feme covert, is defensive matter which would properly arise upon the trial on its merits. It was not necessary for appellant to anticipate such defensive matter and plead in avoidance thereof. The question presented was one of venue only and the validity of the contract to pay as an enforceable obligation of Mrs. Cook was not in issue. Bradley v. Trinity State Bank (Tex. Com. App.) 14 S.W.(2d) 810; Mc-Cormick v. West Texas Lumber Co. (Tex. Civ. App.) 55 S. W. 191; Davis v. Texas Life Ins. Co. (Tex. Civ. App.) 22 S.W.(2d) 960; Co-ca-Cola B. Co. v. Way Engineering Co. (Tex. Civ. App.) 18 S.W.(2d) 251; Lind v. Bank (Tex. Civ. App.) 16 S.W.(2d) 385; Thomason v. Bank (Tex. Civ. App.) 56 S.W.(2d) 242.

The court, therefore, erred in sustaining Mrs. Cook's plea of privilege.

As to Chas. C. Cook, the situation is dif-ferent.

His plea of privilege was prima facie proof of his right to change of venue. Article 2007, R. S.; Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495.

To defeat such right it was necessary for appellant to controvert the same under oath by plea specifically setting up the facts which would sustain the venue in Dallas county and support the same by proof. Duffy v. Cole Pet. Co., supra; Greenville, etc., Co. v. Com-mercial, etc., Co., 117 Tex. 124, 298 S. W. 550; Coalson v. Holmes, 111 Tex. 509, 240 S. W. 896.

The court cannot look beyond that plea for grounds to sustain the venue. Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995; Cook v. Guzman (Tex. Civ. App.) 19 S.W.(2d) 855; Spencer v. Tem-ple Trust Co. (Tex. Civ. App.) 36 S.W.(2d) 602; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; Paxton v. First State Bank (Tex. Civ. App.) 42 S.W.(2d) 837.

Chas. C. Cook is a necessary party to the suit against Mrs. Chas. C. Cook, if the parties are husband and wife. Article 1984 R. S.

Chas. C. Cook being a necessary party to the suit against his wife, the action against him could have been lawfully brought in Dal-las county because the action against Mrs. Cook was maintainable there. Acts 40th Leg. 1st Called Sess., chap. 72, p. 197, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a).

The controverting affidavit does not dis-close that the defendants are husband and wife. There is, therefore, no showing that the action against Cook can properly be maintained in Dallas county. The affidavit plainly shows that the venue is sought to be maintained in Dallas county under subdivi-sion 5 of the venue statute (article 1995) sole-ly upon the written promise of Mrs. Cook to pay in that county.

The controverting plea in its first section refers to the nature of the statement of the plaintiff's cause of action as shown by the

petition. But it does not adopt any allegation in the petition. Even if there were an adoption of such allegations, the controverting plea would still fail to show that Chas. C. Cook is a necessary party to the suit against Mrs. Cook. This is true because the petition nowhere alleges that the defendants are husband and wife. One reading the petition would so suspect, but it would be a pure surmise and might be an incorrect one.

Since the controverting affidavit fails to state facts that would support the venue in Dallas county against Chas. C. Cook, his plea of privilege was properly sustained.

Appellant suggests that if the controverting affidavit is insufficient, the case should be reversed so as to permit amendment. An erroneous judgment when reversed may be remanded to permit amendment of pleadings rather than being reversed and rendered. But a correct judgment must be affirmed. It cannot be reversed just to afford the losing party an opportunity to amend.

Affirmed as to Chas. C. Cook. Reversed as to Mrs. Chas. C. Cook, and judgment here rendered overruling her plea of privilege.