## CAROTHERS v. CREIGHTON et al.

### No. 3038.

Court of Civil Appeals of Texas. Beaumont.

Feb. 5, 1937.

Rehearing Denied Feb. 10, 1937.

Walter F. Brown, and H. W. Carothers, both of Houston, for appellant.

Morris & Darden and Norman E. Clark, all of Conroe, and Hill & Schneider, of Houston, for appellees.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellant and appellee. This suit was instituted in district court of Montgomery county by appellee Gerald J. Creighton against C. L. Dobbins and appellant, H. W. Carothers, on the following oral contract:

"That heretofore on or about the 15 day of January, 1933 the plaintiff Gerald J. Creighton entered into an agreement with the defendants C. L. Dobbins and H. W. Carothers substantially as follows: that is, that the plaintiff Creighton would procure 20 royalty acres out of the west 80 acres of a 100 acres tract of land belonging to A. R. Allen and wife in the Lem. Smith survey, in a sum of $75.00 per acre and having a total consideration of $1500.00, provided that the defendant C. L. Dobbins would pay for said royalty 20 acres of $1500.00 cash and further provided that the plaintiff and the defendants would resell and turn said 20 royalty acres, deduct the original consideration of $1500.00 or a pro rate part thereof and divide the profit between the said parties as follows: ½ of the profit to go to C. L. Dobbins and ¼ of said profit should go to the plaintiff Gerald J. Creighton and the defendant H. W. Carothers respectively."

Dobbins answered by general denial; appellant answered by demurrers, general denial, plea of not guilty, settlement, and by plea of the statute of frauds. Under the evidence, Dobbins furnished the joint enterprise pleaded by appellee $1,500; with that $1,500 appellant bought the 20 royalty acres described in the contract pleaded by appellee; 15 acres of this royalty interest were sold by appellant for a net profit, after repaying Dobbins the $1,500 and all expenses, of $1,650. Appellant paid appellee $300 and Dobbins his part of the profits and deeded him 2½ acres of the unsold 5 acres. Judgment was rendered in favor of Dobbins, and no complaint is before us of that judgment. Judgment was also rendered in favor of appellee against appellant for $112.50 and for 1¼ royalty acres, being

one-half of the 2½ royalty acres retained by appellant.

■ We sustain appellant's assignment that appellee's petition is insufficient to support the judgment in his favor for the 1¼ royalty acres. Appellee pleaded that the 20 royalty acres were to be bought by money furnished by Dobbins, that the land was to be sold, the original consideration of $1,500 was to be paid Dobbins, and the profits were to be divided as follows, one-half to C. L. Dobbins and one-fourth to appellee, and one-fourth to appellant. There was no allegation in the petition that, after enough of the land was sold to pay its original cost, appellee was to have an interest in the land as land; but all the land was to be sold and he was to have one-fourth of the profits; also, there was no allegation that appellant refused to sell the land. As said by this court in Robichaux v. Bordages, 48 S.W.(2d) 698, 705, "It is elementary that one suing on a contract must recover on the contract alleged, or not at all." Martin v. Morrison (Tex. Civ.App.) 260 S.W. 893, 894, is directly in point, sustaining appellant's proposition that appellee's petition does not support his judgment. It was there said: "An agreement to share profits arising from the purchase and sale of real estate is not a contract for a transfer of an interest in the real estate."

In that case the court quoted with approval, as follows, from a note in 17 Ann. Cas. 1023: "The rule is well settled, however, that where one party to a joint adventure advances money for the purchase of property, and the other parties are to perform services and have a share of the profits arising upon the sale of the property, the title thereto is in the party advancing the money, and the interest of the other parties is in the profits alone."

■ The judgment for $112.50 has support both in the pleadings and in the testimony. Appellee testified that he made a contract with appellant, and had no dealings whatever with Dobbins. This statement did not constitute a variance between the contract pleaded and the proof. Appellee's testimony in a general way supported the contract alleged. Kelsey v. Myers (Tex.Civ.App.) 29 S.W.(2d) 855, directly supports the judgment of the trial court against this proposition of variance.

It follows that the judgment awarding appellee a recovery of the 1¼ royalty acres should be reversed and in this respect re-manded for a new trial, and in all other respects affirmed, and it is accordingly so ordered.

Reversed and remanded in part and affirmed in part.