**PORT IRON & SUPPLY CO. v. CASUALTY UNDERWRITERS.**

No. 12659.

Court of Civil Appeals of Texas. Dallas.

June 4, 1938.

Rehearing Denied July 2, 1938.

Burford, Ryburn, Hincks & Charlton and Logan Ford, all of Dallas, and John

H. Benckenstein, of Beaumont, for appellant.

H. B. Houston, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from an order overruling a plea of privilege. The issue involved is the insufficiency of the evidence to show venue of the suit in Dallas County. Appellee sued appellant to recover premiums due on two certain policies of insurance, and sought to maintain venue in Dallas County, under section 5 article 1995, R.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, providing for a suit in the county in which a defendant has contracted in writing to perform an obligation. The terms of the obligation and its execution are the venue facts to be determined on this appeal.

The contract relied on to maintain the venue in Dallas County consists of two insurance policies issued and delivered to appellant in pursuance of a "Subscriber's Agreement", purportedly to have been signed by appellant and transmitted through the United States mail to appellee, with such ancillary written instruments, which make up and form the whole or entire obligation. There is no direct positive evidence in the record showing that the "subscriber's agreement" was executed by appellant, or by one with authority. Therefore, the execution of the agreement centers on circumstantial evidence. As stated above, the agreement was transmitted through the mail, the subscriber expressly applied to the "Casualty Underwriters, Dallas, Texas" for Workmen's Compensation and Public Liability Insurance policies, to be issued in its name, "Port Iron & Supply Company, Inc. of Port Arthur, Texas", and is purportedly signed by the vice president of the subscriber. The Insurance Company, to which the agreement was directed, issued the policies, and mailed them to appellant at Port Arthur, Texas, its designated post office address. Appellant accepted the policies, paid the advance premiums and submitted periodical statements of pay roll remuneration to its employes, and acceded to an audit of its books in compliance with the terms and conditions of the policies; finally, after serving its purpose, appellant returned the policies for cancellation. We think it hardly debatable that the "Subscriber's Agreement" was signed by the authorized vice president of appellant

corporation; at least, the related evidence established prima facie that the agreement, forming the basis for the issuance of the insurance policies, whether it was signed by appellant's authorized agent or not, is an obligation in writing, performable by appellant, and brings its binding force under the venue statute.

The "subscriber's agreement" is addressed to the "Casualty Underwriters, Dallas, Texas", reciting its principal office to be in Dallas. It expressly designated "The Underwriters Agency, having its principal office in Dallas, as the subscriber's attorney-in-fact" for the issuance of the policies of insurance. The agreement provides for the policies and makes provision for the payment of deferred claims and demands incident thereto, as follows:

"We agree to pay promptly at the office of our attorney-in-fact, in the city where it is located, all demands of our attorney-in-fact for moneys to be used for the purposes set forth in this agreement. Failure to pay promptly such demands shall be cause for legal enforcement of same and our attorney-in-fact is specifically authorized to bring such proceedings in the name of the Casualty Underwriters, or its own name as attorney-in-fact, for subscribers at Casualty Underwriters".

The insurance policies expressly refer to the subscriber's agreement, which is made a part of the policies, and provides for periodic premium adjustments in the following language:

"It is hereby understood and agreed that, subject to all other respects to the terms and conditions of this policy, the Employer (Port Iron & Metal Company, Inc.) will pay a deposit premium of One Hundred and no/100 Dollars ($100.00) in advance, and shall render over his signature, on or before the tenth day after each of the following dates: October 1, 1936 and the 1st day of every month thereafter, during the existence of this insurance, a statement of all remuneration paid during the preceding period to the employes covered by this policy, and will, within ten days thereafter, pay to the Company a premium based upon such remuneration and computed at the Company's rate or rates respectively applicable thereto".

In keeping with the terms of the policies, on forms furnished to the appellant, appellee received through the mail four reports of periodic premium adjustments signed by appellant, showing the amount of premiums due on the policies. These reports recite: "Premium earned under these policies is due and payable at Home Office of Casualty Underwriters in Dallas at time report is rendered".

Section 5, Art. 1995, as amended by Acts 1935 of the 44th Legislature, page 503, Chap. 213, par. 1, Vernon's Ann.Civ. St. art. 1995, subd. 5, reads:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile".

It is apparent from the plain reading of this statute that, before a contract in writing, performable in a particular county, can be relied on to maintain venue in that county, it must expressly designate such county or the place of performance, a county or place fixed and certain at the time the contract is executed. It does not necessarily mean that the county or place shall be designated by name, but the contract itself, from its four corners, must clearly show the venue of performance. Parol or extraneous evidence will not aid such requirements. It is not necessary that the party charged therewith shall have signed the contract, if it be shown that he is bound by its terms in a way sanctioned by law. A contract ratified in all its terms, by a party charged therewith, is as binding as if such party had actually signed the obligation—the difference being only as to the weight and manner of proving its binding effect.

The evidence in the case at bar being conclusive and undisputed, that the two policies of insurance were issued by appellee, delivered to and accepted by appellant, we think appellant is bound by all provisions therein stated; and the "subscriber's agreement" being a part of the policies, by reference, evidencing the performance of the obligation and the prompt payment of demands incident to the issuance of the policies "at the office of our (appellant's) attorney-in-fact in the city where it is located", the place and the city are definitely identified by the language, viz.: "The underwriters agency, having provided at their principal office in Dallas, Texas, a place called Casualty Underwriters, at which insurance contracts may be issued and exchanged * * *." The

City of Dallas being the county seat of Dallas County, courts take judicial knowledge of its location.

Venue of the suit having been established in Dallas County, the judgment of the court below is affirmed.

Affirmed.