**McCAIN et al. v. GIERSCH et al.**

No. 9252.

Circuit Court of Appeals, Fifth Circuit.

May 14, 1940.

Rehearing Denied June 13, 1940.

HUTCHESON, Circuit Judge, dissenting.

Albert P. Jones, of Houston, Tex., for appellants.

Gordon Oliver McGehee, Jesse J. Lee, Fred L. Williams, and J. R. Hill, all of Houston, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This case presents a contest between a mother, Mrs. Mary L. Giersch, appellee, a married woman, and five of her seven major children, J. A. McCain, J. C. McCain, N. L. McCain, Mrs. Vera Havard, and Mrs. Maud Culver, by a previous marriage, appellants, over the proceeds of the mother's separate real property. The other two children, Wallace and Rita, are not parties to the suit and make no claim against their mother.

Appellee, one of the heirs of L. S. Brooks, joining with other heirs brought suit against Humble Oil & Refining Co. to recover title and possession of 300 acres of land in the Conroe field, Montgomery County, Texas, and for damages for oil taken from the land. The suit was compromised, Humble Oil Co. agreeing to pay Mrs. Giersch $33,000 in full settlement of all her claims as to the title of the land and damages for oil produced from it, she to deed her interest in the land to it. Before payment was made, appellants notified the Oil Co. they were entitled to each receive ⅛ of the payment.

An agreement was entered into by all the parties under which Mrs. Giersch executed a deed for the land to the Oil Co., a fee of $16,500 was paid to Mrs. Giersch's attorneys and ⅜ of the balance was paid to her. Thereafter Mrs. Giersch brought this suit against Humble Oil & Refining Co. and appellants to recover the balance. The Oil Company filed an answer in the nature of an interpleader. Appellants answered, denying the claim of their mother to the residue of the fund and by cross action for judgment awarding each of them ⅛ of the amount remaining, relying on a verbal contract by which they alleged she had agreed to give each of her children ⅛ of what she might recover, in return for their help in financing the litigation. By answer to the cross action Mrs. Giersch denied having made any contract at all with her children and alleged that if one had been made it was unenforceable under the Texas statute of frauds, Art. 3995, Rev.Civil Stats.1925, and under other Texas Statutes, Arts. 4614, (Vernon's Ann.Civ.St. art. 4614) 1299, Rev.Civil Stats.1925, requiring her husband to join with her in making it. At the close of the evidence Mrs. Giersch moved for a directed verdict on the grounds above stated. The District Judge took the motion under advisement but submitted the case to the jury to return only a special verdict, in the form of answers to questions.

The jury found Mrs. Giersch had made the contract as alleged by appellants; that defendant N. L. McCain had advanced $45; that defendant Mrs. Maud Culver had advanced $200; and that the other three defendants had advanced nothing. After the verdict was rendered both appellants and appellees timely moved for judgment.

In a memorandum opinion the District Judge stated he believed Mrs. Giersch and did not believe the other witnesses but concluded he was bound by the verdict. However, he sustained the defenses based on the Texas statute of frauds and want of authorization by her husband. Judgment was entered in favor of Mrs. Giersch. This appeal followed.

The entire evidence has been brought up in the record. It is exceedingly doubtful that appellants sustained the burden of proving the contract at all but in view of the action of the District Judge we will omit further discussion of that point.

Under the law of Texas, if a contract contemplates a transfer of real property or real property and money, it comes within the statute of frauds. McDonald v. Whaley, Tex.Com.App., 244 S.W. 596; Zanderson v. Sullivan, 91 Tex. 499, 44 S. W. 484; Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 40 S.W.2d 1; Upson v. Fitzgerald, 129 Tex. 211, 103 S. W.2d 147. However, appellants contend that the contract contemplated nothing but the disposal of money and therefore was not invalid.

A contract must be interpreted according to the intention of the parties at the time it was made and not in the light of events occurring thereafter. Mitchell v. Cramp, 3 Cir., 8 F.2d 481; San Jacinto Oil Co. v. Ft. Worth Light & Power Co., 41 Tex.Civ.App. 293, 93 S.W. 173; Parker-Washington Co. v. Chicago, 267 Ill. 136, 107 N.E. 872, Ann.Cas.1916C, 337; Davison v. Von Lingen, 113 U.S. 40, 5 S.Ct. 346, 28 L.Ed. 885. Conceding, for the sake of argument, that a verbal contract was made we may look to the evidence to determine the intent of the parties at the time it was entered into. The basis of the contract alleged rests upon discussions had between Mrs. Giersch and some of her children, which took place in Texas, some six months before suit was entered against the Oil Company and before she had employed an attorney. Mrs. Giersch testified that no contract at all was made. The testimony on behalf of appellants as to what occurred at these meetings is considerably in conflict as to the material facts.

There was testimony introduced by appellants tending to show that Mrs. Giersch told them she intended to bring suit to recover her interest in the land she had inherited from her father; that she thought this was worth a lot of money, perhaps $20,000,000, and there would be enough for all; and that she intended to take a child's share and divide the rest among her seven children; that when she recovered the land she would sell it and divide the proceeds equally among herself and her seven children; that she and her husband were on relief in Colorado and she was without funds to carry on the litigation and wanted them to support her and help her with the expenses while it was going on.

The $45 advanced by N. L. McCain was for the purpose of paying his mother's expenses on a trip to Colorado and back to Texas and not to defray the expenses of the litigation. Mrs. Maud Culver testified that her mother agreed to divide what she got into 8 parts and she advanced her about $200 but she gave it to her because she was her mother and not because she would give her a ⅛ out of what she got from the Conroe land.

N. L. McCain testified, in substance, that after the litigation against the Oil Company started appellants had an agreement drawn up by a lawyer and presented it to their mother for signature so that they would have something for what they had been out and she declined to sign it. Thereafter, N. L. McCain wrote to Mr. McGehee, one of his mother's lawyers, and stated "he thought they might get her to agree to give us something but you know as well as we do that she will not." On cross examination N. L. McCain testified, in substance, that he left the contract with Mr. Hill, one of his mother's attorneys, and told him they were going to tell the Humble Oil Company what they knew to get him to force her to sign the agreement.

At the time Mrs. Giersch engaged in conversations with her children she had nothing but hope of recovering an interest in land and nothing else she could promise to give. The consideration promised by her children was help in recovering an interest in land. Until Mrs. Giersch recovered her interest in land she could not convert it into money nor recover damages for the oil taken from it. She subsequently deeded her interest in the land to the Oil Company. If her children had no interest in the land they would not be entitled to receive a part of the proceeds from its sale. The attempt on the part of appellants to force their mother to sign a written contract creates a strong presumption that they did not believe they had a valid verbal contract. In this connection the opinion of the District Judge, who saw and heard the witnesses, is entitled to great weight The fact that the land was transferred by deed creates a presumption in favor of Mrs. Giersch. In order to overcome this and take the transaction out of the statute the burden was on appellants to prove with reasonable certainty by a preponderance of the evidence that their contract when made contemplated only the transfer of money. Brooks v. Yarbrough, 10

Cir., 37 F.2d 527; Arentz v. Morse Dry Dock & Repair Co., 249 N.Y. 439, 164 N.E. 342, 62 A.L.R. 231; Nickerson v. Nickerson, 127 U.S. 668, 8 S.Ct. 1355, 32 L.Ed. 314; White v. White, 64 W.Va. 30, 60 S.E. 885.

Considering the case as a whole, we reach the conclusion that at the time the contract was alleged to have been made the parties contemplated nothing but the recovery and division of the land.

██ We consider the contract alleged is within the statute of frauds. It is unnecessary to discuss the defense that Mrs. Giersch was not authorized by her husband. It is not disputed that such authorization is necessary for a valid contract to transfer land which is the separate property of a married woman.

The judgment appealed from is affirmed.

HUTCHESON, Circuit Judge, (dissenting).

The questions of fact with which the majority opinion largely concerns itself were settled against appellee by the verdict of the jury. In answer to question No. 1: "Did Plaintiff Mrs. Mary L. Giersch prior to December 1, 1936, agree with her seven children (including Defendants J. A. McCain, J. C. McCain, N. L. McCain, Mrs. Vera Havard and Mrs. Maud Culver) that if they would jointly advance to her the funds necessary to prosecute a suit or litigation to recover her interest in the land in Montgomery County, Texas, mentioned in the pleadings in this case, she would divide the proceeds of such litigation into eight parts and pay one part or one-eighth to each of her seven children?", the jury answered, "Yes."; and they further answered that advances were made in accordance with the agreement. In view of these findings supported as they are by substantial evidence, all questions of fact pass out of the case and there remains for our determination, only whether the contract was one for the sale of lands and therefore unenforceable under Texas law because in violation of Article 1299, requiring husband and wife to join in the conveyance of real estate, and of Article 3995, the Statute of Frauds.

The District Judge thought it was such a contract, the majority agreed with him. With deference I think they have misapprehended the nature and effect of the agreement plaintiffs sued to enforce. It is not an agreement to sell land. As precisely found by the jury, it is an agreement that "she would divide the proceeds of such litigation into eight parts and pay one part or ⅛ to each of her seven children." Such an agreement is not an agreement to sell the land but an agreement for the distribution of proceeds realized from its sale or disposition. Upon all the authorities, such an agreement is not within the Statute of Frauds, nor the statute requiring joining of husband and wife in the conveyance of her separate lands. 27 C.J. §§ 208-226; Parriss v. Jewell, 57 Tex. Civ.App. 199, 122 S.W. 399; Snover v. Jones, Tex.Civ.App., 172 S.W. 1122; Lincoln v. Kirk, Tex.Civ.App., 243 S.W. 671; Carothers v. Creighton, Tex.Civ.App., 101 S.W.2d 631; Strack v. Strong, Tex.Civ. App., 114 S.W.2d 313; Palmetto Lumber Company v. Gibbs, Tex.Civ.App., 52 S.W. 2d 120; Hynd v. Sandler, Tex.Civ.App., 95 S.W.2d 165. Under settled Texas jurisprudence, the Statute of Frauds does not render void or illegal a promise or contract which is within its terms, it establishes a rule of evidence and thereby enables a party successfully to resist enforcement of the agreement. 20 Texas Jurisprudence, page 211; Robb v. San Antonio St. Ry. Co., 82 Tex. 392, 18 S.W. 707; Evans v. Ingram, Tex.Civ.App., 288 S.W. 494; Bringhurst v. Texas Co., 39 Tex.Civ.App. 500, 87 S.W. 893.

Being a rule of evidence, its application depends upon the character of the contract sued on, and where, as here, the suit is not for land but for money, the proceeds of a settlement, it is quite plain that the contract is not under the statute and its enforcement may not be resisted on that ground. Cheney v. Coffey, 131 Tex. 212, 113 S.W.2d 162; Bassett v. American Baptist Publication Society, 215 Mich. 126, 183 N.W. 747, 15 A.L.R. 213; Turnipseed v. Sirrine, 57 S.C. 559, 35 S.E. 757, 76 Am.St.Rep. 580.

I respectfully dissent from the affirmance.

### On Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be and the same hereby is denied.