**HEID BROS., Inc., v. SMILEY.**

No. 5667.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 8, 1940.

Rehearing Denied Nov. 21, 1940.

C. C. McKinney, of Cooper, Jackson & Stell, of Sulphur Springs, and R. A. D. Morton, of El Paso, for appellant.

Hutchison & Fisher and Long & Wortham, all of Paris, for appellee.

JOHNSON, Chief Justice.

This is an appeal from an order overruling a plea of privilege. M. L. Smiley, a resident of Paris, Lamar County, Texas, filed suit in the District Court of Lamar County against Heid Brothers, a corporation, domiciled in El Paso, El Paso County, Texas. Plaintiff's petition sought to recover the balance claimed to be due him by Heid Brothers for baled prairie hay shipped from Lamar County by Smiley to Heid Brothers under a written contract signed by Heid Brothers in El Paso County and by Smiley in Lamar County. Heid Brothers, a corporation, by its president, E. C. Heid, filed its plea of privilege in statutory form to be sued in El Paso County. Smiley filed his controverting affidavit alleging the facts set out in his petition, including execution of the contract, its terms, performance by him, and its breach by Heid Brothers in failure to pay the balance due for the hay shipped in accordance with the contract, whereby Smiley claimed that by the terms of the contract Heid Brothers agreed to make payment for the hay in Paris, Lamar County, and that by reason thereof venue was laid in Lamar County under R.C.S. Article 1995, sec. 5, providing: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." Smiley further claimed that a part of his cause of action arose in Lamar County and that Heid Brothers being a private corporation, venue was laid in Lamar County under R.C.S. Article 1995, sec. 23, providing: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose * * *."

Upon hearing before the court, the plea of privilege was overruled, from which order defendant, Heid Brothers, has properly perfected its appeal. The provisions of the contract pertinent to the issues here involved read as follows:

"The price agreed upon between M. L. Smiley and Heid Brothers for the above described hay is eight and $^{50}/_{100}$ dollars ($8.50) per ton, fob cars Brookston and High, Texas, payable to M. L. Smiley by Heid Brothers as follows: twenty-seven hundred sixty-two and $^{50}/_{100}$ dollars ($2762.50) cash on execution of this contract and the balance at the rate of four and $^{25}/_{100}$ dollars ($4.25) per ton as cars are shipped, payable upon delivery of bills of lading to the First National Bank of Paris, in Paris, Texas. * * *

"As a further and moving consideration for this sale Heid Brothers promise, agree and guarantee that drafts accompanying bills of lading delivered to the First National Bank of Paris shall be paid promptly to that bank."

Appellant contends "that the clause 'payable upon delivery of bills of lading to the First National Bank of Paris, Texas,' designates the time at which the defendant is to pay and the agent of plain-

tiff to collect the pay, but does not designate the place of payment." We are unable to agree with that contention. As we interpret the contract, its plain and unambiguous terms bind the defendant to pay for the hay "in Paris, Texas," upon delivery of the bills of lading to the First National Bank of Paris. Paris is the county seat of Lamar County, by reason of which courts may take judicial knowledge of the fact that it is located in Lamar County. 17 Tex.Jur. 185, Sec. 17; Strawn Merchandise Co. v. Texas Grain & Hay Co., Tex.Civ.App., 230 S.W. 1094; Cecil v. Fox, Tex.Civ.App., 208 S.W. 954; Martin v. Turnbow, Tex.Civ.App., 96 S.W.2d 730; Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627. Therefore venue was by the terms of the contract fixed in Lamar County under Article 1995, sec. 5. Texas Moline Plow Co. v. Biggerstaff, Tex.Civ.App., 185 S.W. 341; Sunset Grain Co. v. Smith Bros. Grain Co., Tex.Civ.App., 241 S.W. 552; Wolf v. Pittman & Harrison Co., Tex.Civ.App., 247 S.W. 322; Pittman & Harrison Co. v. Houston Bag & Bagging Co., Tex.Civ.App., 247 S.W. 324.

The judgment of the trial court will be affirmed.