## BURTIS v. BUTLER BROS.
### No. 5982.

Court of Civil Appeals of Texas. Amarillo.
March 13, 1950.

Kennedy & Granberry, Crockett, for appellant.

Coke & Coke, Dallas, for appellee.

LUMPKIN, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Butler Brothers, sued appellant, T. S. Burtis, a resident of Madison County, Texas, on an itemized account and sought to maintain venue in Dallas County, Texas, under Subdivision 5, Article 1995, Vernon's Annotated Civil Statutes, which provides that venue shall be fixed in the county wherein the defendant contracted in writing to perform an obligation. The appellant duly excepted to the order of the court and perfected an appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District. The case was transferred to this

court by order of the Supreme Court of Texas.

The instruments relied on by appellee to maintain venue in Dallas County consist of two printed forms and are headed with the words "Financial Statement." The first form is dated 12-30-46 and is identified in the record as Exhibit C; the second is dated 1-12-48 and is marked Exhibit B. Exhibit C is addressed to Butler Brothers and begins with these words: "For the purpose of obtaining credit or extension of time on notes or open account from you we make the following true statement of our assets and liabilities; and agree to immediately notify you of any material change in our financial condition." Then follows such headings as "business assets" and "business liabilities" and "summary of profit and loss for previous year." At the bottom of the page is this statement: "The foregoing statement has been carefully read (both the printed and written matter), and is in all respects complete, accurate and truthful. It discloses to you the true state of my (our) financial condition on the 30th day of December, 1946. Since that time there has been no material unfavorable change in my (our) financial condition; and if any such change takes place I (we) will give you notice. Until such notice is given, you are to regard this as a continuing statement. All bills payable in Dallas."

This financial statement is signed by T. Smith Burtis, the appellant. At the bottom of the page is the word "over." On the reverse side is to be found the heading "Record of all Real Estate Owned." About halfway down the page appear these words: "Do not write below this line." The remainder of the page is obviously intended as an address should the statement form be folded for mailing. On this portion appears this address printed in the following fashion:

· "Use
letter
postage
here."

"BUTLER BROTHERS
Box 2339
Dallas 1, Texas
"Credit Dept."

The square with the words "Use letter postage here" will be observed to the right and above the address.

The second financial statement, identified in the record as Exhibit B and dated January 12, 1948, is similar to the instrument described except that it is signed "Ben Franklin Store, by T. S. Burtis." On Exhibit C the appellant fails to give an address, but on Exhibit B the address given is Madisonville, Texas."

The case was submitted to the court, sitting without a jury, upon an agreed statement of fact. Omitting those portions not pertinent to this appeal, the stipulation of the parties contains the following information:

The parties agree that the pleadings and the order of the trial court setting the case for hearing on the question of venue are sufficient to raise the issue of venue and that none of these instruments need be included in the transcript of the record on appeal. The parties agree that the only question presented to the trial court was whether the case should be tried in Dallas County or in Madison County.

The appellee is an Illinois corporation with a permit to do business in Texas and maintains a place of business in Dallas, Dallas County, Texas. The appellant resides in Madison County, and he admits signing the two financial statements described above, but he does not admit that the words and figures on the reverse side of each of the printed forms, i. e., Butler Brothers, etc., constitute a part of either financial statement. He contends that these words and figures merely constitute a post-office address in the event the form should be mailed to appellee and points out that the official postal guide lists eight post-offices in states other than Texas with the name of Dallas. The appellee, however, contends that the words and figures of the address constitute a part of the two financial statements executed by the appellant. The parties agree that the venue of their cause of action will be determined by the answers made to these questions:

1. Is the address quoted on the reverse side of Exhibits C and B a part of each financial statement?

2. Does each financial statement constitute a contract in writing sufficient to bring this suit on open account within the meaning of Subdivision 5 of Article 1995?

3. Are the words "All bills payable in Dallas" appearing immediately above the signature of the appellant on each of the financial statements, sufficient to designate Dallas as Dallas County, Texas, or a definite place therein, within the meaning of Subdivision 5?

4. Does the address, "Butler Brothers, etc.," when read in connection with the words "All bills payable in Dallas" expressly name Dallas County, Texas, or a definite place therein, within the meaning of Subdivision 5?

· The parties agree that the appellee has sold and delivered merchandise to the appellant of the value of more than $500 on an open account and that the account is past due and demand was made therefor before appellee filed this suit.

█ The first question which logically presents itself to us is whether the two financial statements, or either of them, are sufficient to constitute an obligation in writing within the meaning of Subdivision 5. As noted above, each of the statements begins with the words "For the purpose of obtaining credit or extension of time on notes or open account from you we make the following true statement of our assets and liabilities * * *." This portion of the statement closes with these words: "All bills payable in Dallas." In our opinion these words are to be construed to mean that in consideration for the open account and credit granted the appellant by the appellee, the appellant agrees to pay at Dallas the bills incurred by virtue of the credit extended. At the time he executed the two statements the appellant agreed that his statement as to the assets and liabilities was complete, accurate and truthful and that if the appellee would sell him merchandise, he would pay for it in Dallas. The appellee accepted the appellant's offer by selling him goods from time to time. The financial statements refer to no particular delivery of merchandise but undoubtedly cover all accounts incurred by

the appellant with Butler Brothers after the date of the first statement, and in our opinion each statement is an obligation in writing sufficient to maintain venue in Dallas under Subdivision 5 of the Venue Statute; that is, if we can answer the following question in the affirmative. Traylor v. Blum, Tex.Sup., 7 S.W. 829; Lange v. Jones, Tex.Civ.App., 261 S.W. 378; A. Harris & Co. v. Cook, Tex.Civ.App., 62 S.W.2d 205.

The next question is more difficult to answer. Are the words "All bills payable in Dallas" sufficient to designate Dallas as a definite place in Dallas County, Texas, and fix the venue of this suit in Dallas County within the terms of Subdivision 5 of Article 1995? Under the holdings of our courts, if the sentence quoted above had read "All bills payable in Dallas, Texas," the requirements contained in exception 5 of the Venue Statute would have been satisfied, since the trial court would have been compelled to take judicial notice that Dallas, Texas, is the county seat of Dallas County. Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627; Heid Brothers, Inc., v. Smiley, Tex.Civ.App., 144 S.W.2d 952; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610.

█ It has long been the settled law of this State, as well as of the several states, that contracts in regard to personal property are to be governed as to their interpretation by the law of the place where made, unless the contracting parties clearly appear to have some other jurisdiction in mind as the place of performance. Cantu v. Bennett, 39 Tex. 303, 304; Bernard-Gloeckler Co. v. Baker Co., Tex.Civ.App., 52 S.W.2d 912; Belle Springs Creamery Co. v. Schultz, Tex.Civ.App., 69 S.W.2d 564; Boseman v. Connecticut General Life Ins. Co., 301 U.S. 196, 57 S.Ct. 686, 81 L. Ed. 1036, 110 A.L.R. 732.

█ As we have seen, Exhibit B was executed by the appellant at Madisonville, Texas. This court will take judicial notice that Madisonville is the county seat of Madison County, Texas. Our courts have held that a contract is entered into at the place where the act necessary to give it

validity is done. Woodman v. Bishop, Tex. Civ.App., 203 S.W.2d 977. The appellee accepted the appellant's offer when the merchandise was delivered to appellant on the open account. Interpreting the obligation according to the intention of the parties at the time it was made, as we must do under the laws of this state, this contract was executed in Texas and was to be performed in Texas and was entered into with the intention of being subject to the laws of this state and not those of any other state. McCain v. Giersch, 5 Cir., 112 F.2d 70. Dallas is the only city in Texas by that name. The word Dallas, therefore, as used in the contract, meant Dallas, Texas. When the parties designated Dallas as the place at which the bills were payable, they could not have had any other Dallas in mind than Dallas, Texas, the county seat of Dallas County.

In our opinion the trial court correctly overruled the appellant's plea of privilege to be sued in Madison County. All of the appellant's points of error are overruled, and we affirm the judgment of the court below. Because our conclusions dispose of the appellant's appeal, we deem it unnecessary to pass on the question of whether the address found on the reverse side of the two exhibits, i. e., "Butler Brothers," etc., when read in connection with the words "All bills payable in Dallas," expressly name Dallas County, Texas, or a definite place therein, within the meaning of Subdivision 5.

PITTS, Chief Justice.

I concur with the majority in the disposition made of this case for the reasons they have assigned except for their failure to pass on the question of whether or not the address, to wit: "Butler Brothers Box 2339 Dallas 1, Texas" found on the reverse side of the two exhibits offered in evidence was to be considered a part of the said exhibits, which conferred venue in Dallas County. This case is before us by stipulation of the parties, showing exhibits B and C in evidence before the trial court. We have no statement of facts before us. There are no findings or conclusions of the trial court in the record before us. The record does not disclose who introduced in evidence the exhibits in question or that any limitations were placed upon them or any part of them when they were introduced. The instruments were addressed to "Butler Brothers" on the front side thereof. They were executed by appellant himself, showing at the bottom of the front page of each instrument that the reverse side thereof was made a part of each instrument. Appellant recognized the reverse side of each instrument as a part of it by writing thereon a list of the names of the parties he had previously dealt with. One of the said names listed on Exhibit B was "Butler Brothers Dallas." The list therein given on each instrument was on the same side of the instrument bearing the address to wit: "Butler Brothers Box 2339 Dallas 1, Texas." All of each exhibit appears to be in evidence and I find nothing in the record that indicates that the address in question on the reverse side of each exhibit should not be considered a part of it.

In a case such as this all facts must be considered in a light most favorable to the trial court's judgment, which is presumed to be correct unless the record discloses the contrary to be true. It is my opinion we must presume that the trial court found under the record before it that appellant signed the exhibits in question addressed to "Butler Brothers" on the front side and on the reverse side of each shows the address to be "Butler Brothers Box 2339 Dallas 1, Texas" and that he agreed therein to make "All Bills Payable in Dallas." Such being true it is my conclusion that venue was established in Dallas County according to the rules of law approved in the case of Heid Brothers, Inc., v. Smiley, Tex.Civ.App., 144 S.W.2d 952, as well as the case of Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, cited in the majority opinion.

PER CURIAM.

After writing the opinion and the concurring opinion in the above entitled and numbered cause, we certified two ques-

942

tions to the Supreme Court. On February 8, 1950, the Supreme Court answered the first question. It held that since Exhibit B shows on its face to have been executed in Texas, the words "All bills payable in Dallas" are sufficient to designate Dallas as a definite place in Dallas County, Texas, and are sufficient, within the meaning of Subdivision 5 of Article 1995, Vernon's Annotated Civil Statutes, to place the venue of this suit in Dallas County. The Supreme Court declined to answer the second certified question but ordered that this cause be proceeded with in accordance with its answer to the first question. Therefore, pursuant to the order of the Supreme Court, we accordingly affirm the judgment of the trial court.