**NELSON**

v.

**DUNIGAN TOOL & SUPPLY CO.**

No. 3059.

Court of Civil Appeals of Texas.

Eastland.

Feb. 12, 1954.

Rehearing Denied March 12, 1954.

J. Ray Martin, Snyder, for appellant.

Harrell & Harrell, Breckenridge, for appellee.

COLLINGS, Justice.

This is an appeal by C. L. Nelson from an order overruling his plea of privilege to be sued in Scurry County, Texas, the county of his residence. On May 8, 1953, Dunigan Tool & Supply Company filed suit against Nelson, seeking to recover $2,739.17 upon a verified account. Nelson filed his plea of privilege on May 29, 1953. On June 6, 1953, Dunigan Tool & Supply Company duly filed its controverting affidavit claiming that venue was properly laid in Stephens County. It was alleged and urged by the supply company that appellant Nelson had signed a written rental contract and a writ-ten shop order covering certain items listed in the verified account, agreeing to pay such items at Breckenridge, Texas. It was specifically alleged that the written rental contract and the written shop order signed by Nelson contained the provision "all bills payable at the Home Office in Breckenridge, Texas." The amount of the items listed in the affidavit was more than $500 and sufficient to show jurisdiction of the District Court. A copy of the controverting affidavit, together with the notation of the judge setting the hearing on the plea for June 23, 1953, was delivered to appellant's attorney by registered mail on June 10, 1953. On the day set for hearing the plea of privilege, neither appellant nor his attorney appeared in court, but before the case was called, the Clerk of the court received through the mail for filing, appellant's first supplemental plea of privilege. The supplemental plea contained an exception to that portion of the controverting affidavit which alleged a written contract to pay the account in Stephens County on the ground that no copy of such writing was attached as an exhibit to the controverting affidavit nor was there set out therein "the terms and conditions of the purported contract alleged to have been entered into in writing by defendant." The supplemental plea of privilege also contained a denial under oath that appellant had signed a contract agreeing to pay the account in Stephens County. A demand was made in an accompanying letter for a jury trial upon the hearing of the plea and a jury fee was tendered. After waiting a reasonable time for appellant or his attorney to appear on the day set for the hearing, the court called the case and proceeded to trial on the plea of privilege. Appellee presented a motion to strike the supplemental plea which was granted and the court, after hearing the pleadings and evidence, entered an order overruling the plea of privilege. C. L. Nelson has appealed.

It is urged in appellant's first three points that the court erred in sustaining appellee's motion to strike appellant's first supplemental plea of privilege. Appellee contends that the record is sufficient to sustain the trial court's judgment, even if the sup-

plemental plea should be left in and considered a part of the record and that it is, therefore, immaterial whether or not the action of the court was proper in striking the supplemental plea of privilege. For the reasons hereinafter stated, we are in agreement with appellee's contention.

■ Appellee's controverting affidavit contained allegations that C. L. Nelson signed a rental contract and a shop work order each of which provided, among other things, as follows: "all bills payable at Home Office in Breckenridge, Texas." We take judicial notice of the fact that Breckenridge, Texas, is the county seat of Stephens County. The items set out in the rental tool contract and in the shop work order referred to, as shown in Exhibit A of appellee's petition which was "referred to and made a part" of the controverting affidavit, was in a total amount of more than $500. This was a sufficient allegation of a promise to pay an amount within the jurisdiction of the District Court, at a definite place in Stephens County. Burtis v. Butler Bros., Tex.Civ.App., 228 S.W.2d 938. The exception set out in appellant's supplemental plea of privilege complaining of an insufficient allegation of a written promise to pay in Stephens County was not well taken, and if the supplemental plea had been permitted to remain in the record and had been properly presented to the court, it should have been overruled. It also appears that the exception was waived in that neither appellant nor his attorney were present in court at the time of the hearing and did not present or urge same.

If appellant Nelson's supplemental plea of privilege had been permitted to remain in the record the venue facts which appellee would have had the burden of proving would have been that appellant had signed a written contract agreeing to pay the verified account sued upon at Breckenridge, Texas. A hearing on the plea was had by the court and evidence was heard. The statement of facts shows that the rental contract and shop work order referred to and described in the controverting affidavit were each introduced in evidence and each contained the provision "all bills payable at Home Office in Breckenridge, Texas." A witness for appellee testified that he was acquainted with the signature of appellant C. L. Nelson, and that each of the instruments in question bore the signature of appellant.

The evidence showed that appellant promised to pay the items described in the controverting affidavit at a designated place in Stephens County, Texas; that such items were of a total amount sufficient to come within the jurisdiction of the District Court. It therefore, appears that appellee discharged its burden of proving the venue facts raised by the pleadings, including appellant's supplemental plea of privilege.

■ We also overrule appellant's point complaining that the court erred in denying his right to a jury trial upon the plea of privilege. Rule 216, Texas Rules of Civil Procedure, provides that a demand for jury be made and that a fee therefor be deposited with the clerk of the court on appearance day or at least ten days before the time set for trial of a case on the non-jury docket. A trial judge may, in his discretion, allow a late request for a jury trial. Lebman v. Sullivan, Tex.Civ.App., 198 S.W.2d 280, NRE. Although appellant received due notice on June 10, 1953 of the setting of the hearing for June 23, 1953, or thirteen days before the date of such hearing, no demand for a jury trial was ever made in open court. Appellant first made demand for a jury and made deposit therefor by mail on the very day set for the hearing. The demand and the deposit came too late. They were not in time to comply with Rule 216 and there is no showing that the trial court was guilty of an abuse of discretion in denying the demand. Erback v. Donald, Tex.Civ. App., 170 S.W.2d 289, Err. Ref.

The judgment of the trial court is affirmed.