**L. W. BEASLEY, Appellant,**

v.

**Joe BARSHOP, Individually and d/b/a Fruit Distributing Company and Banana Distributing Company, Appellee.**

No. 13849.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 20, 1961.

Rehearing Denied Jan. 17, 1962.

928

Perkins, Floyd, Davis & Oden, Alice, for appellant.

Lang, Byrd, Cross, Ladon & Oppenheimer, Stanley D. Rosenberg, San Antonio, for appellee.

POPE, Justice.

This is a venue case which concerns Section 5 of Article 1995, Vernon's Tex.Civ. Stats. Plaintiff, Joe Barshop, filed suit in Bexar County and the trial court overruled L. W. Beasley's plea to be sued in Jim Wells County.

Barshop filed suit on January 16, 1961. The petition asserted an action upon a written sworn account. After defendant timely filed his plea of privilege, Barshop on February 13, 1961, filed his controverting affidavit and adopted the allegations of his petition. Thereafter, Barshop filed a first amended and a second amended petition. These later pleadings relied not only upon a sworn account but also prayed for foreclosure of a chattel mortgage which, according to Barshop, fixed venue in Bexar County. The controverting affidavit was never amended to allege, include, or adopt the new grounds, different facts and additional relief contained in the amended petitions. We are, therefore, concerned only with the venue facts asserted and raised by the plea of privilege and the controverting affidavit, without regard to the subsequent amendments not incorporated into the controverting affidavit. Pelton v. Powell, Tex. Civ.App., 196 S.W.2d 46; 1 McDonald, Texas Civil Practice, § 4.50; Clark, Venue in Civil Actions, 235.

Barshop did, however, sufficiently prove a contract in writing under Exception 5, Article 1995. He proved that Beasley bought produce from him, as evidenced by invoices delivered at the time of sale. The first of these invoices was for produce which showed a charge made to Beasley in the amount of $1,370.41. Written on the invoice delivered to Beasley's representative, were the words: "All bills payable at San Antonio, Bexar County, Texas." The invoice shows that the produce was billed to Beasley and accepted by Israel "Lili" Sanchez, who was sent to San Antonio to receive the produce for defendant, and that he signed the invoice upon receipt thereof. This was a written proposal accepted in writing, and sufficiently met the rule for a contract in writing obligating the defendant to perform the obligation sued upon in Bexar County. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Nelson v. Dunigan Tool & Supply Co., Tex.Civ.App., 265 S.W.2d 680; Dowdell v. Ginsberg, Tex. Civ.App., 244 S.W.2d 265; Clark, Venue in Civil Actions, 40.42.

The judgment is affirmed.