**C. D. JOHNSON et al., Appellant,**

v.

**ABCO INDUSTRIES, INC., Appellee.**

No. 4423.

Court of Civil Appeals of Texas, Eastland.

Oct. 30, 1970.

Michael J. McCloud, Jr., Dallas, for appellant.

Lester O. Berg, Abilene, for appellee.

COLLINGS, Justice

Abco Industries, Inc., brought suit against C. D. Johnson and J. R. Johnson upon a sworn account. The defendants filed pleas of privilege to be sued in Dallas County, the place of their residence. Plaintiff filed a controverting affidavit and upon a hearing the court overruled the defendants' pleas of privilege. The defendants have appealed.

Appellants present one point of error in which it is contended that the court erred in overruling their pleas of privilege, asserting that the evidence shows conclusively that the agreement sued upon by appellee was an oral agreement and appellee attempted to add a written venue fixing clause to the oral contract between the parties.

The record show that in addition to the pleas of privilege filed by appellants they also filed pleas in abatement and unsworn general denials. Appellee, Abco Industries, Inc., filed controverting pleas alleging that venue was maintainable in Taylor County because each of the appellants entered into a written contract performable in Taylor County under Section 5, Article 1995 Vernon's Ann.Tex.Rev.Civ.St. by reason of the terms of the shipping slip attached to appellee's original petition and marked Exhibit "A". The shipping slip in question reads in part as follows: "All accounts due and payable in Abilene, Taylor County."

The case was tried before the court without a jury and there are no findings of fact or conclusions of law. We must therefore test the validity of the judgment on the assumption that the trial court found every disputed fact in such a way as to support the judgment. Construction and General Labor Union Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958, (1950).

It is stipulated that both appellants reside in Dallas County. Mr. Nash, president of appellee corporation, testified that Mr. J. R. Johnson telephoned him in November of 1968 and asked if appellee had in stock a 10 horse power boiler ready to be delivered; Mr. Nash advised Johnson that he did have such a boiler, and further stated that the boiler could be ready for delivery at a stated time. The agreed

price of the boiler was $1227.00 with payment to be made within 30 days. Mr. Johnson agreed to pick up the boiler in Abilene in his own truck and did pick it up on November 9, 1968. At the time he picked up the boiler Johnson signed appellee's "shipping slip" without reading it. The shipping slip among other things provided that all accounts were due and payable in Taylor County.

The record shows that appellants C. D. Johnson and J. R. Johnson were doing business in Dallas County as partners under the assumed name of Day and Night Boiler Company. Appellee invoiced Day and Night Boiler Company on November 9, 1968 and thereafter sent statements to appellants, both of which instruments contained words to the effect that all accounts were due and payable in Abilene, Taylor County, Texas. Mr. Nash also testified that appellants at one time paid the account with a check but that the check came back marked "insufficient funds".

Appellants contend that the oral telephone agreement between the parties was a completed contract, and that where there is a completed oral contract neither party thereto may insert a venue fixing written agreement by an ex parte statement. Appellee does not question appellants' statement of the law in such cases, but contends that this case does not come within the general rule relied upon by appellants. Appellee contends that the oral contract here under consideration was not completed until delivery of the boiler; that the shipping slip was signed by appellee Johnson at the time of delivery of the boiler and that the contract was not consummated prior to that time. Appellee contends that the shipping slip was not an ex parte statement; that the slip was prepared by appellee and signed by one of the appellants; that the fact that the appellants failed to read the shipping slip when he signed it

was not the fault of appellee. There is no contention that appellee caused J. R. Johnson to sign the slip without reading it.

We cannot agree with appellants' contention that the evidence shows conclusively that the contract sued upon was only an oral one. The evidence supports the implied finding of the court that appellants agreed in writing to pay the purchase price of the boiler in Taylor County as contemplated by Exhibit 5 of Article 1995. The evidence shows that appellants bought the boiler from appellee by an agreement in a telephone conversation and by the delivery of the boiler to appellants on November 9, 1968. The evidence shows that appellant J. R. Johnson at the time the boiler was delivered to him signed the shipping slip which provided that all accounts were payable in Taylor County. This provision in writing was a part of the contract sued upon. A shipping slip or invoice signed by the buyer, reciting that payment is to be made in a county expressly named, is a contract in writing within the meaning of Article 5 of the venue statute. Drexler v. Bryan Building Products Company, Tex. Civ.App., 374 S.W.2d 806, (1963, no Writ Hist.); Harrison v. Facade, Inc., Tex.Civ. App., 355 S.W.2d 543, (1962, no Writ Hist.); Beasley v. Barshop, Tex.Civ.App., 352 S.W.2d 927, (1961, no Writ Hist.); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, (1950); Nelson v. Dunigan Tool & Supply Co., Tex.Civ.App., 265 S. W.2d 680, (1954, no Writ Hist.); Dowdell v. Ginsberg, Tex.Civ.App., 244 S.W.2d 265; Clark, Venue in Civil Actions, 40.42. The above rule should be particularly applicable where, as here, the signing of the delivery slip or invoice occurs at the time of delivery of the merchandise.

The record shows that appellee by its proof established the necessary venue facts to maintain its' suit in Taylor County.

The judgment is affirmed.